STEWART, J.
hJPD Energy (“JPD”) is appealing a trial court judgment awarding Vernon and Glenda Adams (“the Adamses”) attorney’s fees in the amount of $42,209.41, subject to a deduction in the amount of $2,160.90, which represents a lease bonus that the Adamses were obligated to return. For the reasons discussed below, we reverse the trial court’s judgment awarding attorney’s fees, and deny the Adamses’ request for additional attorney’s fees for defending the appeal.
*162 FACTS
This is the second time that this case has been brought before this court. JPD, an independent landman company, was hired by Chesapeake Louisiana, L.P. (“Chesapeake”) in 2008 to obtain mineral leases in areas overlying the Haynesville Shale. The lease in this case was executed on February 22, 2008, covering a seven-acre tract of land owned by the Adamses. After the mineral lease was signed, the Adamses contacted JPD, alleging that the terms that the two parties agreed to during their initial meeting were not reflected in the lease, and requesting that the lease be rescinded/revised. JPD refused.
On May 22, 2008, the Adamses initially filed suit to have the lease rescinded on the grounds of fraud and error. Alternatively, the Adamses sought to have the lease reformed for mutual error to contain a one-fourth royalty and a limitation restricting the lessee from exploring or producing below the Cotton Valley formation. The Adamses also requested attorney’s fees.
[¡JPD filed a motion for summary judgment, alleging that the Adamses’ rescission claims failed as a matter of law because the Adamses admitted that they did not read the lease and that they could have discovered the alleged error/fraud upon simply reading the lease. Addressing the Adamses’ alternative claim for reformation, JPD moved to reform the lease to include a one-fifth royalty, agreeing that the one-eighth royalty included in the lease was done so in error.
The Adamses filed a cross-motion for summary judgment, contending that the lease was null and void, and subject to cancellation, since the parties failed to have any “meeting of the minds” regarding the royalty percentage.
The trial court denied JPD’s motion for summary judgment, and granted the Adamses’ motion for summary judgement. It found that there was a question of fact regarding the royalty percentage, about which there was no meeting of the minds. JPD appealed.
On initial appeal, this court affirmed the trial’s court granting of summary judgment in favor of the Adamses, after finding that “there was no meeting of the minds or mutual consent between the parties with regard to the amount of royalties.” JPD timely filed a writ application to the supreme court, which was denied on November 12, 2010.
The Adamses then filed a Motion for Judgment Awarding Attorney’s Fees and Costs, and JPD filed an opposition to the motion. A hearing on the motion was held on March 21, 2011, and the trial court determined that the Adamses were entitled to recover their attorney’s fees. It subsequently | Sissued a final judgment awarding the Adamses attorney’s fees in the amount of $42,209.41, subject to a deduction in the amount of $2,160.90, which represented a lease bonus that the Adams-es were obligated to return since the trial court had previously determined that no mineral lease had been formed.
JPD now appeals, assigning one error. The Adamses have answered, seeking additional attorney fees for defending this appeal.
LAW AND DISCUSSION
In its sole assignment of error, JPD contends that the trial court erred in awarding attorney fees, since La. R.S. 31:206 and 31:207 apply only where a valid mineral lease was extinguished / expired. More specifically, JPD asserts that no valid lease was ever formed. Alternatively, JPD contends that La. R.S. 31:206 and 31:207 require a pretrial written demand and the Adamses failed to submit one. It *163 further argues that the Adamses’ petition does not satisfy the written demand requirement.
A mineral lease is a contract by which the lessee is granted the right to explore for and produce minerals in consideration of the payment of a rental or bonus. La. R.S. 31:114; Odom v. Union Producing Co., 243 La. 48, 141 So.2d 649 (1961); Adams v. JPD Energy, 45,420 (La.App. 2 Cir. 8/11/10), 46 So.3d 751, writ denied, 2010-2052 (La.11/12/10), 49 So.3d 892. A mineral lease is governed by the Mineral Code. La. C.C. art. 2672.
La. R.S. 31:206 states:
A. Except as provided in Paragraph B of this Article, when a mineral right is extinguished by the accrual of liberative prescription, expiration of its term, or otherwise, the former owner shall, within thirty days after written demand by the [ 4person in whose favor the right has been extinguished or terminated, furnish him with a recordable act evidencing the extinction or expiration of the right, (emphasis added).
B. When a mineral lease is extinguished prior to the expiration of its primary term, the former lessee shall, within ninety days after the extinguishment, record an act evidencing the extinction or expiration of the lease in the official records of all parishes wherein the lease is recorded.
La. R.S. 31:207 states:
If the former owner of the extinguished or expired mineral right fails to furnish the required act within thirty days of receipt of the demand or if the former lessee of a mineral lease fails to record the required act within ninety days of its extinguishment prior to the expiration of its primary term, he is liable to the person in whose favor the right or the lease has been extinguished or expired for all damages resulting therefrom and for a reasonable attorney’s fee incurred in bringing suit.
La. R.S. 31:209 states:
The right to secure damages and attorney’s fees under Article 207 is applicable also to a demand for dissolution of a mineral lease for failure to comply with its obligations.
Attorney fees are not allowed except where authorized by contract or statute. Sher v. Lafayette Ins. Co., 2007-2441 (La.4/8/08), 988 So.2d 186; Ferrara v. Questar Exploration and Production Co., 46,357 (LaApp. 2 Cir. 6/29/11), 70 So.3d 974.
Black’s Law Dictionary defines “null” as “having no legal effect.” A contract is null when the requirements for its formation have not been met. La. C.C. art. 2029. When this case was previously brought before this court, we determined that the trial court did not err in finding that the mineral lease was null, since there was no “meeting of the minds” or mutual consent between the parties with regard to the amount of royalties. An [sabsolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. La. C.C. Art. 2033.
In the instant case, the trial court based its decision on this previous determination:
Based upon the arguments and the pleadings the Court is finding that the Mineral Code does apply, specifically Articles 206 or 207. The Court is basing that, as I’ve already stated, that this action arises pursuant to a lease agreement under the Mineral Code, which this Court believes that the Court of Appeals, at least in part, recognized that *164 this was a mineral lease and a suit brought thereunder, even though it may have decided or affirmed this lower Court under other legal principles. The only way that plaintiffs can request attorney’s fees, there must be a statutory provision, and the statutory provision that’s being used by the plaintiffs in requesting attorney’s fees is Article 607 — I’m sorry 206 and 207 under the Mineral Code.
This court may have previously recognized that there was a mineral lease, but it was declared null. Therefore, it is deemed to have never existed.
La. R.S. 31:206 et seq., refer to demand for authorization to cancel extinguished mineral rights from public records. These statutes are penal in nature and must be strictly construed. Reed v. State Farm Mut. Auto. Ins. Co., 03-107 (La.10/21/03), 857 So.2d 1012; Jones v. Johnson, 45,847 (La.App. 2 Cir. 12/15/10), 56 So.3d 1016. Black’s Law Dictionary defines “extinguish” as “to bring or put an end to.” Since this mineral lease had previously been declared null by this court, we cannot extinguished it. Therefore, the previously mentioned statutes are inapplicable.
IfiWhen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. La. C.C. art. 11. Laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13.
When interpreting the law, the court should give it the meaning the lawmaker intended. It will not be presumed that the legislature intended for any part or provision of the law to meaningless or useless. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. The meaning of a statute is to interpreted by looking to all the sections taken together so that no section, clause, sentence or word become superfluous or meaningless. Nabors Drilling USA v. Davis, 2003-0136 (La.10/21/03), 857 So.2d 407.
After reviewing these statutes, we find that they apply only to instances in which a mineral right has been extinguished. As previously stated in this discussion section, this court did not extinguish a mineral right. Rather, this court declared the mineral lease null, which means it was deemed to have never existed. In La. R.S. 31:206 et seq., the lawmaker |7purposely excluded instances in which a mineral lease was declared null, arguably for circumstances similar to the instant case. We disagree with the trial court’s conclusion that the Adamses’ petition constituted demand pursuant to La. R.S. 31:206 et seq., since these statutes are inapplicable to this case. JPD is not liable for the Adamses’ attorney’s fees incurred in bringing suit. Accordingly, we must reverse the trial court judgment awarding the Adamses attorney fees.

Attorney’s Fees for Appeal

By their answer to the appeal, the Adamses request that this court award them additional attorney’s fees for defending this appeal in the amount of $5,000.00. Since we are reversing the trial court *165 judgment after determining that JPD is not liable for the Adamses’ attorney’s fees incurred in bringing suit, the Adamses request for additional attorney’s fees is denied.
CONCLUSION
For the reasons assigned, we reverse the trial court’s judgment and deny the Adamses request for additional attorney’s fees in connection with this appeal. Cost of this appeal are to be paid by the respective parties.
REVERSED. REQUEST FOR ADDITIONAL ATTORNEY’S FEES DENIED.